UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-23249-CMA

MULTIPHONE LATIN AMERICA INC.,
a Florida corporation,

  Plaintiff,

vs.

MILLICOM INTERNATIONAL CELLULAR S.A.,
a corporation organized under the laws of Luxembourg,

  Defendant.
_____/

## MILLICOM INTERNATIONAL CELLULAR S.A.'S
## REPLY IN SUPPORT OF ITS MOTION TO DISMISS

  Plaintiff's opposition falls woefully short of rebutting the arguments set forth in Millicom's motion to dismiss. This is due, in large part, to plaintiff's egregious, chaotic, and often dubious citations to "legal authority." Plaintiff cites cases that have been overturned on their core holding, provides purported quotations from cases that don't contain the quoted language, cites cases for principles the cases do not state on topics they do not address, and—most gravely—in two instances, cites cases that appear to have been hallucinated. So manifold, various, and ubiquitous are the deficiencies of plaintiff's citations that Millicom has set them out in a chart, attached here as Exhibit A. No effective response can stand on such shaky ground.[1]

  Even setting aside these troubling issues,[2] the simple fact, evident from the face of the complaint, remains: plaintiff's claims are barred by the statute of limitations because plaintiff knew of the alleged breaches of which it complains since shortly after the contract was executed eight years ago and because any breaches there ever may have been were resolved before the

---

[1] Millicom reserves the right to seek sanctions under the appropriate authority, at the appropriate time, for costs and fees incurred as a result of plaintiff's serial neglect of the standards that apply to all papers submitted to the Court.

[2] Which are not restricted to misbegotten case law. The complaint's "wherefore" clause demands attorney fees, but does so based on an inexplicable reference to the Agreement's choice of venue clause.

time bar. Even if they were timely, most of plaintiff's claims would be impermissibly duplicative of the breach of contract claim and thus barred by the independent tort doctrine. Lastly, plaintiff simply has not properly pled any of its claims.

## ARGUMENT

### A.   The Statute of Limitations has Clearly Run

Plaintiff, the master of its complaint, now claims in its response that discovery is necessary to determine whether the statute of limitations has run on its claims. However, plaintiff chose the relevant dates to allege in the complaint and it is the complaint itself that makes clear that too much time has passed. "A defendant may 'raise a statute of limitations defense in a motion to dismiss if that defense appears on the face of the complaint.'" *Lakatos v. Florida IPS*, 2025 WL 1234010, at *10 (S.D. Fla. Apr. 29, 2025) (quoting *Nationstar Mortg., LLC v. Sunderman*, 201 So. 3d 139, 140 (Fla. 3d DCA 2015)).

The complaint sets forth the whole timeline of the relationship between the parties. In relevant part, the complaint alleges that after a year of negotiations that began in April 2016 (Comp. ¶ 7), plaintiff and Millicom executed the Agreement in April and May of 2017, with an effective date of April 10, 2017 (Comp. ¶ 9; Ex. A to Comp. p 19). The Agreement called for Multiphone to "develop and deliver a software application" allowing customers in the United States, Canada, and Spain to make international calls, and for Millicom to offer callers service through its operator networks in Bolivia, Colombia, El Salvador, Guatemala, Honduras and Paraguay. (Comp. ¶ 11). Millicom was also obligated to provide Multiphone with specific marketing and operational support. (Comp. ¶ 12). Yet plaintiff complains that Millicom breached its obligations under the contract just months after the contract was signed, eight years ago. "***[B]eginning in August 2017*** and continuing through present, Millicom has systematically failed to perform its material obligations under the Agreement." Comp. ¶ 20 (emphasis added). What is more, the complaint makes clear that any alleged Millicom's breach—or at least any breach that caused plaintiff damages—was *resolved* more than five years ago. "Multiphone did not achieve the month 12 revenue projections until approximately May 2020, representing a delay of approximately three years." (Comp. ¶ 34).

The allegations of the complaint make clear that plaintiff has been aware of the breach since 2017, eight years ago. No discovery is needed since all relevant dates are set forth in the complaint. Plaintiff also cannot now, in its response, inject an after-the-fact claim that

Millicom's breaches were fraudulently concealed to attempt to toll the statute of limitations when such an allegation is not contained within the complaint. *See McKally v. Perez,* 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss.").

Further, the continuing violations doctrine does not salvage plaintiff's claims. Plaintiff argues that its claims are timely brought on the theory that the contract imposed a continuing duty on Millicom that was repeatedly breached. First, plaintiff provides quotations from two cases—(*Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323, 1325 (Fla. 1990) and *Koal Indus. Corp. v. ASLAND, S.A.*, 808 F. Supp. 1143, 1163 (S.D.N.Y. 1992))—that don't exist in the cases cited and cites a third case (*Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 144 (4th Cir. 1979)) that does not discuss the continuing violation doctrine at all. *See* Exhibit A at Items 3, 4, and 7.

In any event, and notwithstanding the empty "legal authority" offered by plaintiff, the continuing violation does not apply here because the contract was severable in nature. *See Allapattah Services, Inc. v. Exxon Corp.,* 188 F.R.D. 667, 680 (S.D. Fla. 1999), *aff'd*, 333 F.3d 1248 (11th Cir. 2003), *aff'd sub nom., Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005) ("To decide the propriety of invoking the continuous breach doctrine for evaluating the time of accrual of a cause of action, the Court must first determine whether the contract is continuous or severable in nature."). Here, as in *Allapattah*, the contract was not continuous. Instead, the Agreement was for a term that was subject to renewal. *See* Ex. A to Comp. at 18.1. The first term expired 24 months after the service availability date (August 1, 2016), i.e. on August 1, 2018. *Id.* The Agreement then renewed every year thereafter. *Id.* Accordingly, "[e]ach [ ] Agreement was, therefore, severable in nature, since performance of the parties, as to that Agreement, was presumed complete upon expiration of an express term of years." *Allapattah,* 188 F.R.D. at 680.

Finally, for the reasons stated in Millicom's motion to dismiss, plaintiff's claims are likewise barred by laches and equitable estoppel.

B.     **Plaintiff's Claims Do Not Establish Independent Torts**

Plaintiff's attempts to salvage its tort claims are all distinctions without a difference. First, all of the cases cited by plaintiff regarding the independent tort doctrine pre-date *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399 (Fla. 2013), and its

3

progeny, where the Florida Supreme Court examined the economic loss rule and independent tort doctrine and its applicability, shifting the law substantially. The cases cited by plaintiff have been receded from or overturned by *Tiara* and its progeny and the Court cannot rely upon them when conducting its independent tort doctrine analysis. *See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996); *Moransais v. Heathman*, 744 So. 2d 973, 980 (Fla. 1999).³

"Under Florida's independent tort doctrine, it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims." *BluestarExpo, Inc. v. Enis*, 568 F. Supp. 3d 1332, 1353 (S.D. Fla. 2021) (quoting *Altamonte Pediatric Associates, P.A. v. Greenway Health, LLC*, 2020 WL 5350303, at *5 (M.D. Fla. 2020)). "[A] tort action is barred if the defendant has not committed a breach[ ] of duty apart from any breach of contract or where a tort claim is premised upon issues encompassed within the parties' agreement." *Kanen v. BBQ Holdings, Inc.*, 2024 WL 5508197, at *10 (S.D. Fla. 2024). "Courts determine this issue by looking for 'meaningful' or 'substantive' distinctions between the tort claim and the breach of contract claim." *Id.* at *11.

Here, whatever labels plaintiff might try to apply to its tort causes of action, the claims arise out of, and are bound entirely to, the parties' contractual relationship. In its opposition, plaintiff acknowledges that Count II, for breach of implied covenant of good faith and fair dealing, arises out of the contractual relationship: "[The count] focus[es] on Millicom's bad faith conduct in *undermining the contract's purpose while accepting its benefits*." D.E. 18 at 13. Likewise, for Count IV, unfair competition, plaintiff argues that the claim is independent of the breach of contract because it "targets 'misappropriating confidential business information obtained through the *contractual relationship*.'" *Id.* at 16 (quoting Comp. ¶ 60). Again, plaintiff's own language establishes that the claims arise out of the contractual relationship and duplicate the breach of contract claim.

For Count V, intentional interference with business relationship, plaintiff does not bother trying to distinguish this claim from the breach of contract claim. Instead, plaintiff merely states

---

³ Plaintiff also asks the Court to rely on *Metropolitan Dade County v. Dyer*, 315 So. 2d 442, 444 (Fla. 3d DCA 1975), however, after diligent search by counsel, Millicom was not able to locate this case. *See* Exhibit A at Item 1. The case found at 315 So. 2d 442 is *In re Osteen v. State,* 294 Ala. 766, 315 So. 2d 442, 442 (1975). No case styled *Metropolitan Dade County v. Dyer* could be located.

4

conclusorily it "[a]ddresses interference with . . . third-party relationships outside the contract between the parties." *Id.* at 17. Plaintiff relies on *Salit v. Ruden, McClosky, Smith, Schuster & Russell*, P.A., 742 So. 2d 381, 385 (Fla. 4th DCA 1999), to support its claim; however, the arguments surrounding the tortious interference count did not arise out of the independent tort doctrine. Accordingly, *Salit* has nothing to say on the issue at hand and is utterly inapplicable.

Finally, rather than argue that Count VII, for unjust enrichment, is not barred by the independent tort doctrine, plaintiff argues that it was "properly pled in the alternative." D.E. 18 at 17. However, plaintiff cannot assert an unjust enrichment in the alternative. "It would be contrary to the basic premise of the independent tort doctrine to allow such pleadings in the alternative." *BluestarExpo*, 568 F. Supp. 3d at 1353; *Kanen,* 2024 WL 5508197, at *18 ("Based on the Amended Complaint before me, where all of the tort claims alleged clearly arise out of breach of contract, it would be contrary to me basic premise of independent tort doctrine to allow such pleadings in the alternative." (cleaned up)). The unjust enrichment claim is clearly born out of the same conduct upon which the breach of contract claim rests, so plaintiff cannot maintain this claim.

Plaintiff has not demonstrated that it can overcome the bar of the independent tort doctrine for its counts II, IV, V, and VII. Accordingly, these counts must be dismissed with prejudice.

        **C.**      **Plaintiff's Claims Do Not Satisfy Pleading Requirements**

             **1.**      *Plaintiff Failed Adequately to Allege a Breach of Contract*

Like plaintiff's complaint, plaintiff's opposition is replete with unsupported legal conclusions. Plaintiff ignores the arguments presented in the motion to dismiss and simply reiterates the provisions of the contract alleged in the complaint. *See* D.E. 18 at 17. Millicom does not dispute that plaintiff recites what the Agreement's provisions ***were***. No, plaintiff's trouble comes in that the complaint fails to state, let alone evidence, ***how*** Millicom breached those provisions. While Rule 8 only requires a short and plain statement, the complaint must at least put a defendant on notice as to the claims being brought against it. Mere legal conclusions will not suffice. *See M.H. On behalf of C.H. v. Omegle.com LLC*, 122 F.4th 1266, 1270 (11th Cir. 2024) (internal citation omitted) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

5

### 2. *Plaintiff Has Not Properly Pled a Count for Breach of the Implied Covenant of Good Faith and Fair Dealing*

Plaintiff's opposition simply fails to respond to Millicom's argument that the breach of implied covenant of good faith and fair dealing is completely and impermissibly duplicative of its breach of contract claim. Instead, plaintiff focuses its opposition entirely on the fact that the complaint does not tie Count II to an express term of the contract and then, *only now*, in its opposition, does plaintiff attempt to make that link. But a complaint may not be amended in this fashion. This plaintiff may not do. *See McKally,* 87 F. Supp. 3d at 1317, above.

### 3. *Plaintiff Waived its Arguments in Opposition to the Motion to Dismiss the FDUTPA Count*

The entirety of plaintiff's argument in response to Millicom's motion to dismiss the FDUTPA count is based on its contention that it satisfied the heightened pleading standard of Rule 9(b). Accordingly, plaintiff has abandoned all other arguments opposing dismissal of this count. *See Gent Row, LLC v. Truist Fin. Corp.,* 2022 WL 3682172, at *2 (S.D. Fla. 2022) (dismissing with prejudice two counts of a complaint when plaintiff failed to oppose the arguments raised in the motion to dismiss). Put another way, plaintiff has failed to address the fact that the complaint failed to plead the required elements of a FDUTPA claim. *See* Motion to Dismiss, DE 17 at 10-13.

The one argument that plaintiff *does* raise in its opposition—that it satisfied Rule 9(b)—also falls short, as the plaintiff merely restates the conclusory allegations of the complaint and deems them adequate to allege circumstances giving rise to a FDUTPA claim. That won't do. The complaint contains no specific allegations as to the who, what, when, where, and how FDUTPA was offended. Without more detail, the complaint's broad strokes do not suffice. *See In re FTX Cryptocurrency Exch. Collapse Litig.*, 2025 WL 1341173, at *14 (S.D. Fla. May 7, 2025) (dismissing FDUTPA counts where "Plaintiffs have not provided any details related to Defendants' alleged scheme to engage in knowingly false or deceptive practices").

What's more, Millicom also stated in its motion to dismiss that even if the heightened Rule 9(b) pleading standard didn't apply to FDUTPA,[4] plaintiff still would not have stated a claim for FDUTPA. Plaintiff provided no response to these arguments, so it has waived them.

---

[4] In making this argument, plaintiff cites *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). However, this case does not stand for this premise and does not reference the pleading standard for a FDUTPA claim. *See* Exhibit A, Item 12.

      **4.**      ***Plaintiff's Arguments Regarding Unfair Competition, Intentional Interference with Business Relationship, and Trade Secrets Must be Disregarded***

The entirety of plaintiff's opposition to Millicom's motion to dismiss the unfair competition claim is two sentences in which plaintiff cites two cases that do not say what plaintiff says they say. (*See* Exhibit A at Items 10 and 11.) Plaintiff disputes that "customer confusion" is a requirement for a claim for unfair competition. Plaintiff inexplicably relies on *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1133 (M.D. Fla. 2007) (order on motions to strike expert testimony), and *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998) (addressing a preliminary injunction for trade secrets). Plaintiff's arguments are not supported by legal authority and must be disregarded.

Likewise, in support of the intentional interference with business relationships claim, plaintiff stands on *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994). Plaintiff asks the Court to rely on *Ethan Allen* for the principle that plaintiff need not identify an actual business relationship interfered with. However, *Ethan Allen* says nothing of the sort. (*See* Exhibit A, Item 14.) Instead, *Ethan Allen* answers a certified question about the type of damages one may recover in a tortious interference action. *See Ethan Allen,* 647 So. 2d at 815. In fact, insofar as it is apposite, *Ethan Allen*, is inimical to plaintiff's position. "In Florida, a plaintiff may properly bring a cause of action alleging tortious interference with present or prospective customers but no cause of action exists for tortious interference with a business's relationship to the community at large." *Id.* Plaintiff has alleged just that—interference with its relationship to the community at large. This cannot be and Count V must be dismissed.

On the subject of trade secrets, plaintiff once more cites a case that does not stand for the proposition for which it is offered. *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714 (7th Cir. 2003), contains no mention of what is required to plead a trade-secret claim. Rather, it reviews a decision on a judgment as a matter of law following a trial.[5] *See* Exhibit A, Item 15. Thus, Millicom's motion to dismiss remains unrebutted on this matter, and Count VI must be dismissed.

---

[5] And even if *Learning Curve* had anything relevant to say—it doesn't—it is an out of circuit opinion that has no precedential effect here.

### 5.     Plaintiff Has Not Alleged Entitlement to an Injunction

Plaintiff still has not established entitlement to an injunction, whether preliminary or permanent. As stated in Millicom's motion to dismiss, to prevail on a motion for a preliminary injunction, a plaintiff must establish the four well-known elements of such a claim.[6] "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Hayes v. DeSantis*, 561 F. Supp. 3d 1187, 1196 (S.D. Fla. 2021). Neither in its complaint nor in its opposition[7] has plaintiff established or even attempted to establish *any* of the elements that would entitle it to an injunction, beyond mere conclusions that plaintiff has purportedly sustained irreparable harm. Accordingly, plaintiff's Count VIII for preliminary injunction must be dismissed.

### CONCLUSION

For the good and sufficient reasons shown above and in Millicom's Motion to Dismiss (D.E. 17), the complaint should be dismissed with prejudice.

Dated: August 15, 2025

Respectfully submitted,
**RIVERO MESTRE LLP**
*Attorneys for Millicom International Cellular, S.A*
2525 Ponce de Leon Blvd.
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: jmestre@riveromestre.com
E-mail: rkuntz@riveromestre.com
E-mail: ahenry@riveromestre.com

---

[6] Likelihood of success on the merits; plaintiff's irreparable harm absent an injunction; threatened injury to the plaintiff outweighs any potential defendant harm from the injunction; and an injunction is in the public interest. *Puck v. Silverman*, No. 2023 WL 4014832, at *3 (S.D. Fla. 2023).

[7] Plaintiff's opposition to the motion to dismiss count VIII relies on a single case from the far-flung Northern District of Oklahoma that does not stand for the premise for which it is proffered. *See* Exhibit A, Item 20.

*/s/ Jorge A. Mestre*
Jorge A. Mestre
Fla. Bar. No. 88145
Robert Kuntz
Fla. Bar No. 94668
Allison Henry
Fla. Bar. No. 1003008

## CERTIFICATE OF SERVICE

I certify that on August 15, 2025, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being electronically served today on all counsel of record through CM/ECF.

By: */s/ Jorge A. Mestre*
      Jorge A. Mestre