# EXHIBIT A

**Case Law Flaws**

| # | Case Law Cited | Excerpt from Plaintiff's Response | Citation Reality |
|---|---|---|---|
| | | **Case Nonexistent** | |
| 1 | | "The Florida Supreme Court has explicitly held that 'parties to a contract are not relieved from tort liability to each other in all circumstances.' … see also *Metropolitan Dade County v. Dyer*, 315 So. 2d 442, 444 (Fla. 3d DCA 1975) (allowing tort claims based on duties independent of contract)." DE 18 p. 13. | Nonexistent |
| 2 | | "As the court in *QBE Ins. Corp. v. Dome Constr. Corp.*, 10 So. 3d 676, 678 (Fla. 4th DCA 2009), recognized, the implied covenant prohibits conduct designed to defeat the purpose of the contract, even if not expressly prohibited." DE 18 p. 14. | Nonexistent<br><br>Located another case with that style: *QBE Ins. Corp. v. Dome Condo. Ass'n, Inc.*, 577 F. Supp. 2d 1256, 1257 (S.D. Fla. 2008) (no common law claim for breach of implied covenant in first-party insurance claims under Florida law). |
| | | **Quote Nonexistent** | |
| 3 | *Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323, 1325 (Fla. 1990). | "Under Florida law, 'where a contract imposes a continuing duty and is breached repeatedly, the plaintiff may recover damages accruing within the statutory period preceding the filing of suit.' *Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323, 1325 (Fla. 1990)." DE 18 p. 8. | Quote not found in the case. |
| 4 | *Koal Indus. Corp. v. ASLAND, S.A.*, 808 F. Supp. 1143, 1163 (S.D.N.Y. 1992). | "The continuing violations doctrine applies where 'the defendant's contractual obligations are of a continuing nature.' *Koal Indus. Corp. v. ASLAND, S.A.*, 808 F. Supp. 1143, 1163 (S.D.N.Y. 1992) (applying Florida law)." DE 18 p. 8. | Quote not found in the case. |

| 5 | *Moransais v. Heathman*, 744 So. 2d 973, 980 (Fla. 1999). | "The Florida Supreme Court has explicitly held that 'parties to a contract are not relieved from tort liability to each other in all circumstances.' *Moransais v. Heathman*, 744 So. 2d 973, 980 (Fla. 1999)." DE 18 p. 13. | Quote not found in the case. |
|---|---|---|---|
| 6 | *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). | "The Eleventh Circuit has consistently held that 'a district court should grant a plaintiff at least one opportunity to amend their complaint.' *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)." DE 18 p. 22. | Quote not found in the case. |
| | **Subject Not Discussed** | | |
| 7 | *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 144 (4th Cir. 1979). | "The continuing violations doctrine applies where 'the defendant's contractual obligations are of a continuing nature.' … see also *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 144 (4th Cir. 1979) (applying continuing violation doctrine to ongoing contractual breaches)." DE 18 p. 8. | Summary judgement in an antitrust case – Neither continuing violation doctrine nor breaches of contract discussed. |
| 8 | *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385 (Fla. 4th DCA 1999). | "Intentional Interference (Count V): Addresses interference with 'existing and prospective advantageous business relationships with current and potential customers' (Compl. ¶66)---third-party relationships outside the contract between the parties. See *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385 (Fla. 4th DCA 1999) (recognizing interference claims based on harm to third-party relationships)." DE 18 p. 17. | Dismissal of shareholder suit alleging tortious interference, injurious falsehood, professional malpractice, and defamation claims reversed in part – Independent tort doctrine not discussed. |

| | | | |
|---|---|---|---|
| **9** | *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 792 (Fla. 2d DCA 2005). | "Florida courts have consistently held that implied covenant claims may be based on the breach of express terms when accompanied by bad faith conduct. See *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 792 (Fla. 2d DCA 2005)." DE 18 p. 18. | Motion to dismiss whistleblower and contract claims in termination suit brought by attorney against former firm – Breach being accompanied by bad faith not discussed. |
| **10** | *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1133 (M.D. Fla. 2007). | "Defendant's assertion that 'customer confusion' is required (Mot. at 13) misstates Florida law for unfair competition based on misappropriation. See *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1133 (M.D. Fla. 2007) (recognizing unfair competition claims based on misappropriation without requiring customer confusion)" DE 18 p. 19. | Motion to strike experts – Unfair competition claims and customer confusion not discussed. |

| 11 | *American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998). | (1) "Unfair Competition (Count IV): Targets 'misappropriating confidential business information obtained through the contractual relationship' and 'using Multiphone's proprietary algorithms, business strategies, and market intelligence to develop competing services' (Compl. ¶60)---conduct that would be actionable regardless of any contract. *See American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998) (allowing unfair competition claims based on misappropriation of business information)." DE 18 p. 16 | (1) Preliminary injunction over "trade secret" donor list use – Unfair competition not discussed. |
| | | (2) "Defendant's assertion that 'customer confusion' is required (Mot. at 13) misstates Florida law for unfair competition based on misappropriation. … *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998) (same)." DE 18 p. 19. | (2) Trade secret case – Unfair competition claims and customer confusion not discussed. |
| 12 | *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). | "Moreover, courts have recognized that FDUTPA claims based on deceptive trade practices need not meet the full Rule 9(b) standard when they do not sound in fraud. See *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006)" DE 18 p. 19 | Class certification order reversed, on the grounds that alleged FDUTPA, contract, unjust enrichment, misleading advertising, and RICO claims predominated by common question of law or fact - Rule 9(b) not discussed. |

| 13 | *Zacchini v. Scripps-Howard Broadcasting Co.*, 433 U.S. 562, 575 (1977). | "Moreover, courts have recognized that FDUTPA claims based on deceptive trade practices need not meet the full Rule 9(b) standard when they do not sound in fraud. … *Zacchini v. Scripps-Howard Broadcasting Co.*, 433 U.S. 562, 575 (1977) (distinguishing between fraud claims and unfair trade practice claims)." DE 18 p. 19. | Right of publicity claim against broadcaster reversed –Fraud claims or unfair trade practice claims not discussed. |
|---|---|---|---|
| 14 | *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994). | "Greater specificity would require discovery into Millicom's disruption of specific customer relationships. See *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994) (noting that specific business relationships may be identified through discovery when the defendant's conduct generally interfered with business prospects)." DE 18 p. 20. | Tortious interference with business relationships tort action based on dealers' relationship with past customers rejected – Discovery not discussed. |
| 15 | *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 726 (7th Cir. 2003). | "Courts have consistently recognized that trade secret claims must balance the need for specificity with the need to protect the confidential information. See *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 726 (7th Cir. 2003) (allowing general descriptions of trade secrets at pleading stage to protect confidentiality)." DE 18 p. 20. | Post-verdict judgment as a matter of law reversed in trade secret suit over toy design – Permissible descriptions at the pleading stage not discussed. |
| | | **Misstated Holdings** | |
| 16 | *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). | "Courts have recognized that parties in ongoing business relationships may reasonably delay bringing suit while attempting to resolve disputes informally. See *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)" DE 18 p. 11. | No mention of attempting to resolve disputes informally. |

| 17 | *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). | "Courts have recognized that parties in ongoing business relationships may reasonably delay bringing suit while attempting to resolve disputes informally. … *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (recognizing equitable tolling in ongoing business relationships)." DE 18 p. 11. | Issue was whether filing of class action tolls the applicable statute of limitations. |
| --- | --- | --- | --- |
| 18 | *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984). | "Courts have consistently held that contract-related deceptive practices can form the basis for FDUTPA claims. … *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984) (recognizing FDUTPA claims arising from deceptive business practices regardless of contractual relationship)." DE 18 p. 15. | Issue was whether FDUTPA applies to deceptive conduct within a contractual relationship absent fraud; court limited damages to scope of contractual obligations. |
| **Ignored Negative Treatment** | | | |
| 19 | *Moransais v. Heathman*, 744 So. 2d 973, 980 (Fla. 1999). | "The Florida Supreme Court has explicitly held that 'parties to a contract are not relieved from tort liability to each other in all circumstances.' *Moransais v. Heathman*, 744 So. 2d 973, 980 (Fla. 1999)" DE 18 p. 13. | ⚑ Receded From by *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Companies, Inc*., Fla., March 7, 2013. |
| 20 | *Telex Corp. v. IBM Corp.*, 367 F. Supp. 258, 346 (N.D. Okla. 1973). | "Monetary damages are particularly inadequate for ongoing trade secret misappropriation and competitive harm because such injuries are inherently difficult to quantify and often cause continuing, non-compensable harm to business relationships and competitive position. See *Telex Corp. v. IBM Corp.*, 367 F. Supp. 258, 346 (N.D. Okla. 1973) (recognizing inadequacy of monetary damages for trade secret misappropriation), aff'd in part, rev'd in part, 510 F.2d 894 (10th Cir. 1975)." | ⚑ Judgment Reversed by *Telex Corp. v. Int'l Bus. Machines Corp.*, 510 F.2d 894, 897 (10th Cir. 1975). |

| | | DE 18 p. 21. | |
|---|---|---|---|
| 21 | *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). | "The Federal Rules envision that discovery will flesh out the factual details necessary to prove claims. See *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (noting that discovery allows development of factual record)" DE 18 p. 22. | 🚩 Abrogated by Twombly. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). |
| 22 | *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). | "The Federal Rules envision that discovery will flesh out the factual details necessary to prove claims. … *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (emphasizing that discovery, not pleadings, is the proper mechanism for developing facts)." DE 18 p. 22. | 🚩 Overruled by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), as recognized by *Woods v. City of Greensboro*, 855 F.3d 639, 641 (4th Cir. 2017). |
| 23 | *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). | "This is particularly appropriate where, as here, no prior amendment has been made and discovery would clarify any perceived ambiguities. See *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (requiring opportunity to amend before dismissal with prejudice)." DE 18 p. 22. | 1. 🚩 Distinguished by *Blackburn v. Shire US Inc.*, 11th Cir.(Ala.), November 29, 2021. 2. ⚠ Overruling *Risk Wagner v. Daewoo Heavy Industries America Corp.*, 11th Cir. (Ga.), December 10, 2002. |